# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY TAYLOR, et al., | CASE NO. 1:10-cv-01138 OWW DLB |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| WALMART, INC., | (Docs. 8 and 9) |
| Defendant. | |

**Findings and Recommendations Following Screening of Complaint**

**I.    Procedural History**

Plaintiffs Corey Taylor and Jotasha Taylor ("Plaintiffs") are proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1981. Plaintiffs filed this action on June 24, 2010. On July 29, 2010, the Court issued an order finding that Plaintiffs' complaint states cognizable claims against Defendant Walmart, Inc. for racial discrimination in violation of 42 U.S.C. § 1981, unlawful intimidation by use of force, fraud, and intentional infliction of emotional distress, but does not state claims for extortion, assault, violation of interstate commerce rights or intentional endangerment of a fetus. The Court ordered Plaintiffs to either file an amended complaint or notify the Court of their willingness to proceed only on the claims found to be cognizable. On July 30, 2010, Plaintiffs notified the Court that they do not wish to amend and are willing to proceed on the claims found cognizable. Based on Plaintiffs' notice, the instant Findings and Recommendations now issue.

## II. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

## III. Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8(a) provides:

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief: and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiffs must allege with at least some degree of particularity overt acts which the Defendant engaged in that support Plaintiffs' claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell

Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

**IV.**     **Plaintiffs' Claims**

According to the Complaint, Plaintiffs allege that on March 2, 2010, they purchased tires at a Walmart in Odessa, Texas. "[D]efendants" claimed that the tires were compatible for Plaintiffs' 2002 Pontiac Grand Prix. Plaintiffs paid for the tires, along with a disposal fee, but defendant intentionally installed cheaper tires, which were "dangerously" incompatible for Plaintiffs' compact car and were made for a SUV-style vehicle. Plaintiffs allege that "defendants" also attempted to "extort extra money" by charging $10.00 per tire for balancing. Plaintiffs refused "her advances." The "defendant" then lied and said "she" gave Plaintiffs a free balance.

Plaintiffs allege that "defendants" were aware of the fact that Plaintiff Jotasha Taylor was in late term pregnancy and the installed tires were fatally incompatible with their family car. "She also knew" that they were traveling interstate. Plaintiffs further allege that the "she" attempted to hide the store's license number, typing "God Bless America" in that section, which was not a common practice for white customers. The defendant's last words were "have a bumpy ride."

Plaintiffs allege that they were forced drive through the night from Odessa, Texas to Shreveport, Louisiana. The ride allegedly was "brutal" for 7 months pregnant Mrs. Taylor. Plaintiffs then took their vehicle to Walmart #0448 in Shreveport, Louisiana. The "defendants" stated that it "was obvious" that a free balancing had not been performed and that it is not a Walmart policy to charge an extra $40 for tire balancing after the purchase of 4 new tires. They were given a free balancing.

Thereafter, Plaintiffs allege that they left for their home in Fresno, California. All of the Walmart stores were closed. During the trip, the bumping multiplied at an alarming rate. Plaintiffs allegedly experienced a "life threatening" blow out of the driver side tire. Mr. Taylor had to change the tire on a dark highway. Plaintiffs allege that they had no choice but to finish the trip on 3 defective tires and 1 donut tire, a drive of over 1,000 miles.

Plaintiffs allege that they arrived at Walmart Kings Canyon, Fresno. Plaintiffs expressed to "defendants" the tire problem and its severity. After a short investigation, defendant allegedly stated

"Oh my God! These are definitely the wrong tires!", "They definitely manipulated you guys," and "This is a major safety issue." Plaintiffs also allege that "she" made calls to neighboring Walmarts to see if they had the correct brand in stock. Plaintiffs were told that it was not against store policy to ask another tire store, but it needed supervisor approval.

Plaintiffs allege that they waited two hours for Susan, a manager representing defendant, to arrive. After reading the contract, Plaintiffs allege that Susan immediately lied and said defendant was not liable for new tires. When Mrs. Taylor pointed out the clause on the back, Susan allegedly "violently ripped the receipt" from Plaintiffs' hands and screamed for them to "Go sit down!" Mrs. Taylor allegedly pleaded for the more sympathetic associate to help put the receipt back together. Plaintiffs allege that this harsh treatment was not given to white customers.

Plaintiffs allegedly informed Susan that they knew they were entitled to help from Defendant Walmart Inc. to get the tires that they paid for. Plaintiffs allege that Susan and another employee verbally attacked Mrs. Taylor and refused to allow Plaintiffs "to view policies." Susan reportedly yelled that she did not have to serve them and all she had to do was refuse service. Plaintiffs allege that defendant denied service and they faced public humiliation. Plaintiffs also allege that defendant treated their "family of African Amercians extremely and significantly less than whites were treated at the public accommodation." Plaintiffs further allege that "defendants" intentionally inflicted emotional harm on them in front of other customers and employees.

Plaintiffs allege that when they asked to speak with a "higher up manager," Susan lied and said she had the most authority and no other manager would be there until the next day. Plaintiffs allege that they called the Odessa location, but the manager there reportedly said it was out of his hands and Robert Craigo had the duty of care to resolve the issue. The manager refused to speak to Mr. Craigo. Plaintiffs further allege that after 4 hours, Mr. Craigo, the store manager, came out of his office. Plaintiffs assert that Mr. Craigo tried to deceive them into thinking that Defendant Walmart Inc. had "zero liability." Plaintiffs reportedly informed him that he was obligated by contract. Plaintiffs allege that he inspected the tires and then phoned the clerk that did the work, who allegedly stated, "It wasn't a mix-up, it was intentional." Mr. Craigo allegedly responded "Next time cover yourself and make them sign a disclaimer." He then told Plaintiffs that he could get the right

4

tire, but just didn't want to. He offered to take the tires back for a full refund, leaving Plaintiffs with a tireless car. Plaintiffs allege that this was reckless and unreasonable. Mr. Craigo allegedly invited Plaintiffs to do the work themselves and refused to work if he or his white staff members had to do the work for Plaintiffs. Plaintiffs allege that it is very evident they are a black family.

Plaintiffs also allege that Mr. Craigo intimidated them by threatening forceful removal of their car. After Plaintiffs removed their vehicle, they asked an employee to provide the last name of the store manager. The employee allegedly responded, "I don't know. And if I did I wouldn't tell your black ass." Plaintiffs allege that they again approached Mr. Craigo, asking for a higher official to help them get their tires. Mr. Craigo reportedly gave them a telephone number that turned out to be a leasing company. Plaintiffs allege that they were forced to leave Walmart with the same tires.

Plaintiffs assert causes of action for violation of their civil rights and racial discrimination. Plaintiffs also assert causes of action for intentional endangerment of a fetus, unlawful intimidation by use of force, violation of interstate commerce rights, fraud, extortion, assault and intentional infliction of emotional distress. Plaintiffs seek general and punitive damages, along with the costs of tire service and court costs in a total amount of $111,000,349.00.

Plaintiffs' complaint appears to state cognizable claims for violation of 42 U.S.C. section 1981, unlawful intimidation by use of force (Cal. Civ. Code § 52.1), fraud, and intentional infliction of emotional distress.

*Extortion*

Courts have relied on the definition and elements of the criminal code to analyze a civil extortion claim. See Monex Deposit Co. v. Gilliam, 2009 WL 2870642, at *1 (C.D.Cal.2009) (relying on California Penal Code section 518 to define civil extortion as "the obtaining of property from another, with his consent ... induced by a wrongful use of force or fear ..."). California has recognized a claim of "civil extortion" for the recovery of money obtained by the wrongful threat of criminal or civil prosecution. See Fuhrman v. Cal. Satellite Sys., Inc., 179 Cal.App.3d 408, 426, 231 Cal.Rptr. 113 (1986). The Court construes the claim as one for civil extortion. However, the complaint does not adequately allege that Defendant obtained property or money from Plaintiffs with

5

their consent, at least in part induced by wrongful use of fear, or that Defendant threatened criminal or civil prosecution.

*Assault*

An assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present. Lowry v. Standard Oil Co. of California, 63 Cal.App.2d 1, 6-7, 146 P.2d 57 (1944). The tort of assault is complete when the anticipation of harm occurs. Kiseskey v. Carpenters' Trust for Southern California, 144 Cal.App.3d 222, 232, 192 Cal.Rptr. 492 (1983).

Plaintiffs do not allege that defendant (or individuals) intended to inflict immediate injury on them and that they anticipated harm. Plaintiffs fail to plead facts that the behavior of one or more of the individuals lead to Plaintiffs' fear of imminent bodily harm.

*Violation of Interstate Commerce Rights* and *Intentional Endangerment of a Fetus*

There do not appear to be separate claims under such labels. In other words, there is no indication that there are such claims or that Plaintiffs may maintain such actions under federal, state or common law.

**V.      Conclusion and Recommendations**

Plaintiffs' complaint appears to state causes of action for racial discrimination in violation of 42 U.S.C. § 1981, unlawful intimidation by use of force, fraud, and intentional infliction of emotional distress against Defendant, but fails to state claims for extortion, assault, violation of interstate commerce rights or intentional endangerment of a fetus. Plaintiffs were provided with the opportunity to either amend or proceed only on their cognizable claims, and have opted to proceed on the cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed Defendant Walmart, Inc. on Plaintiffs' claims of racial discrimination in violation of 42 U.S.C. § 1981, unlawful intimidation by use of force, fraud, and intentional infliction of emotional distress; and

2. Plaintiffs' claims for extortion, assault, violation of interstate commerce rights and intentional endangerment of a fetus be dismissed from this action for failure to state a claim.

1      These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger
2 pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served
3 with these Findings and Recommendations, Plaintiffs  may file written objections with the Court.
4 Such a document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendations."  Plaintiffs are advised that failure to file objections within the specified
6 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
7 Cir. 1991).

         IT IS SO ORDERED.

         Dated:   **August 2, 2010**                    **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE