1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

COREY TAYLOR; JOTASHA TAYLOR,   )   1:10cv1138 OWW DLB
                                )
                                )
                                )   **<u>SECOND INFORMATIONAL ORDER</u>**
                Plaintiffs      )
                                )
    v.                          )
                                )
WALMART, INC.,                  )
                                )
                                )
                                )
                Defendant.      )
_____)

Parties to this litigation shall take note of the following requirements:

1.  Defendant must reply to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

2.  At some point in the litigation, defendant may file a motion to dismiss this action on any number of grounds.  Plaintiffs are advised that they have the right to oppose the motion in writing.  Written oppositions must be filed not less than fourteen (14) days preceding the noticed hearing date.  Local Rule 230(c) provides that no party will be entitled to be heard in opposition to a motion at oral arguments if the opposition has not been timely filed by that party.

3.  At some point in the litigation, one or more defendants may move for summary judgment as to some or all of plaintiffs' claims.  Pursuant to <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988) and <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), plaintiffs are advised of the following requirements for opposing a motion for summary judgment made by defendant

1

pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment on some or all of plaintiffs' claims in favor of defendant without trial.  See Rule 56(b).  Defendant's motion will set forth the facts which defendant contends are not reasonably subject to dispute and that entitle defendant to judgment as a matter of law.  See Rule 56(c).

Plaintiffs have the right to oppose a motion for summary judgment.  To oppose the motion, plaintiffs must show proof of their claims.  Plaintiffs may agree with the facts set forth in defendant's motion but argue that defendant is not entitled to judgment as a matter of law.  Plaintiffs may show defendant's facts are disputed in one or more of the following ways: (1)  Plaintiffs may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiffs have personal knowledge of the matters stated and if plaintiffs call to the court's attention those parts of the complaint upon which plaintiffs rely; (2)  Plaintiffs may also serve and file affidavits or declarations[1] setting forth the facts which plaintiffs believe prove plaintiffs' claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated); (3)  Plaintiffs may also rely upon written records but plaintiffs must prove that the records are what plaintiffs claim they are[2];  (4)  Plaintiffs may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should plaintiffs fail to contradict defendant's motion with affidavits, declarations, or other evidence, defendant's evidence will be taken as truth, and final judgment may be entered without a full trial. See Rule 56(e).

If there is some good reason why such facts are not available to plaintiffs when required to oppose such a motion, the court will consider a request to postpone considering

---

[1]An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746.  Affidavits and declarations must be made on  personal knowledge and must set forth facts as would be admissible in evidence.  See Rule 56(e).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party.  Rule 56(e).

1    defendant's motion.  <u>See</u> Rule 56(f).  If plaintiffs do not serve and file a request to postpone

2    consideration of defendant's motion or written opposition to the motion, the court may consider

3    plaintiffs' failure to act as a waiver of opposition to defendant's motion.  Plaintiffs' waiver of

4    opposition to defendant's motion may result in the entry of summary judgment against plaintiffs.

5              4.  A motion supported by affidavits or declarations that are unsigned will be

6    stricken.

7              5.  The failure of any party to comply with this order, the Federal Rules of Civil

8    Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but

9    not limited to, dismissal of the action or entry of default.

10

11        IT IS SO ORDERED.

12   **Dated:   August 12, 2010**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28