# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY TAYLOR; JOTASHA TAYLOR, | ) | 1:10cv01138 LJO DLB |
| | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING MOTION TO COMPEL PLAINTIFFS' DEPOSITIONS AND GRANTING REQUEST FOR SANCTIONS |
| v. | ) | (Document 52) |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Wal-Mart Stores, Inc.[1] ("Defendant") filed the instant motion to compel the depositions of Plaintiffs Corey Taylor and Jotasha Taylor ("Plaintiffs"), along with a request for sanctions.  The matter was heard on October 14, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Colleen Howard appeared telephonically on behalf of Defendant.  Plaintiffs Corey Taylor and Jotasha Taylor, proceeding pro se, did not appear.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed this civil rights action on June 24, 2010.  On July 20, 2011, Defendant served Plaintiffs with a deposition notice which provided for Corey Taylor's videotaped deposition to take place on August 15, 2011, at 9:00 a.m. and Jotasha Taylor's videotaped deposition to take place at 1:00 p.m. on the same date in Fresno, California.  Declaration of Colleen Howard ("Howard Dec.") ¶ 2 and Exhibit A.

---

[1] Defendant was erroneously sued as Walmart, Inc.

1

1   On August 15, 2011, Plaintiff Corey Taylor appeared for his deposition. The deposition
2 proceeded until 1:30 p.m., when the parties took a lunch break. The parties agreed to reconvene
3 the deposition at 2:15 p.m. Howard Dec. ¶ 3. Corey Taylor was in the deposition room at 2:00
4 p.m., but left and did not return. Howard Dec. ¶ 4. At 2:30 p.m., defense counsel contacted
5 Corey Taylor at his cell phone number. Mr. Taylor indicated that he would not be returning to
6 his deposition because of child care issues. Mr. Taylor believed the deposition notice allowed
7 him to attend any morning during the week of August 15, 2011. Howard Dec. ¶ 5. Defense
8 counsel informed Mr. Taylor that he was obligated to continue the deposition. Howard Dec. ¶ 6.
9 Thereafter, defense counsel spoke to Jotasha Taylor on the same phone call. Jotasha Taylor
10 claimed that she had child care issues and would not be appearing for her deposition. Defense
11 counsel informed Jotasha Taylor that she was obligated to attend her deposition. Jotasha Taylor
12 argued that she should not be compelled to testify because her deposition was noticed for 1:00
13 p.m., but it did not commence at the estimated start time. Howard Dec. ¶ 7. Defense counsel
14 waited until 3:30 p.m., but Plaintiffs did not return. Defense counsel made a record of these
15 events on the deposition transcripts. Howard Dec. ¶ 8.

16   On September 12, 2011, Defendant filed the instant motion to compel and request for
17 sanctions. Plaintiffs did not file a response. Defendant filed a reply on October 11, 2011, noting
18 that Plaintiffs did not oppose the motion.

19 **DISCUSSION**

20   Defendant requests an order compelling Corey Taylor's continued deposition and an
21 order compelling Jotasha Taylor to appear for a deposition.

22   Federal Rule of Civil Procedure 30(a) permits a party to take the opposing party's
23 deposition, so long as that deposition is properly noticed. Fed. R. Civ. P. 30. A proper notice
24 "must state the time and place of the deposition" and the method for recording the testimony.
25 Fed. R. Civ. P. 30(b)(2)-(3). Here, Defendant's notice was proper, providing the date, time,

location and method for the depositions.[2]  Exhibit A to Howard Dec.  Therefore, Plaintiffs were required to attend and to complete their properly noticed depositions.  Fed. R. Civ. P. 30(b).  They did not do so.  As such, Defendant's motion to compel Plaintiffs' depositions is GRANTED.  Following a proper re-notice, Plaintiffs shall attend and/or complete their depositions.  Although Plaintiffs are proceeding without an attorney in this action, they are reminded that they must comply with the Federal Rules of Civil Procedure.  See Local Rule 183.

Defendant also requests reimbursement for the costs associated with the failed attempts to depose both Plaintiffs.  Pursuant to Fed. R. Civ. P. 37(d)(2), the court may order sanctions if a party fails to appear for his/her deposition.  Defendant seeks $2,463.00, which includes the costs of preparing the instant motion of $1,305.00, a non-appearance fee charged by the court reporter of $400.00, and the anticipated costs to attend a second deposition of $758.00.  Motion, p. 6; Howard Dec. ¶¶ 11-13.  The Court finds that sanctions are warranted in this case.  Plaintiff Corey Taylor did not return to complete his deposition, Plaintiff Jotasha Taylor failed to attend her deposition, and Plaintiffs failed to respond to the motion to compel or appear for the hearing.

Accordingly, Defendant's request for sanctions is GRANTED.  However, the Court reduces the amount requested for costs associated with preparing the motion to compel because defense counsel was not required (1) to prepare a complex motion or joint statement; (2) to prepare a lengthy reply brief; or (3) to personally attend a lengthy hearing on the instant motion.  Therefore, the Court orders sanctions in the total amount of $1,658.00, which includes $500.00 for the costs of preparing the motion to compel, $400.00 for the non-appearance fee charged by the court reporter, and $758.00 for the anticipated costs to attend a second deposition.

Plaintiffs are ORDERED to pay sanctions these to Defendant within twenty-one (21) days of the date of this order.  Plaintiffs are admonished that further failure to cooperate in this matter may be grounds for additional sanctions, including dismissal of this action.

---

[2] The deposition notice cited California Code of Civil Procedure, not the relevant Federal Rules of Civil Procedure.  However, there was no objection to the deposition notice.  Fed. R. Civ. P. 32(d) (objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice); Fed. R. Civ. P. 30(c)(2) (objection at time of examination to any aspect of the deposition must be noted on the record, but the examination still proceeds).

**CONCLUSION AND ORDER**

Based on the above, the Court HEREBY ORDERS the following:

1. Defendant's motion to compel Plaintiffs' depositions is GRANTED. Plaintiffs shall appear at their properly re-noticed depositions.
2. Defendant's request for sanctions is GRANTED in the amount of $1,658.00.
3. Plaintiffs SHALL pay sanctions in the amount of $1,658.00 to Defendant within twenty-one (21) days of the date of this order

IT IS SO ORDERED.

Dated: October 17, 2011         /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE