# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COREY TAYLOR, et al., | ) | 1:10cv01138 OWW DLB |
| | ) | |
| Plaintiffs, | ) | ORDER SETTING MANDATORY |
| | ) | SCHEDULING CONFERENCE |
| v. | ) | |
| | ) | Date:  January 4, 2012 |
| WALMART, INC., | ) | Time:  9:00 a.m. |
| | ) | Courtroom 9 (6th Floor) |
| | ) | |
| Defendant. | ) | |

Plaintiffs Corey Taylor and Jotasha Taylor, proceeding pro se and in forma pauperis, filed the instant action on June 24, 2010.  Defendant Wal-Mart Stores, Inc. filed an answer to the complaint on November 2, 2010.

On February 23, 2011, the Court denied Plaintiffs' motion for summary judgment on their 42 U.S.C. § 1981, fraud and intentional infliction of emotional distress claims.  The Court also denied without prejudice Defendant's request to dismiss Plaintiffs' fraud claim.

On October 18, 2011, the Court granted Defendant's motion to compel Plaintiffs' depositions and ordered Plaintiffs to pay sanctions.

Since that time, there has been no apparent activity in this case and there is no indication that the parties have participated in a mandatory scheduling conference.

Federal Rule of Civil Procedure 16 requires the Court to enter a Scheduling Conference Order within 120 days of the date of the Complaint being served upon the defendant.  Therefore,

1

1  it is ordered that you appear for a formal Scheduling Conference before United States Magistrate
2  Judge Dennis L. Beck, on **January 4, 2012 at 9:00 a.m.** in Courtroom 9 at the United States
3  Courthouse, 2500 Tulare Street,  Fresno, CA 93721.

4  Attendance at the Scheduling Conference is mandatory upon each party not represented
5  by counsel or, alternatively, by retained counsel.  Only counsel who are thoroughly familiar with
6  the facts and the law of the instant case, and who have full authority to bind his or her client,
7  shall appear.  Trial counsel should participate in this Scheduling Conference whenever possible.
8  It may be necessary for counsel to spend as much as 45 minutes in this Conference.

9  A Joint Scheduling Report, carefully prepared and executed by all counsel, shall be
10 electronically filed in CM/ECF, one (1) full week prior to the Scheduling Conference, and shall
11 be e-mailed, in WordPerfect or Word format, to dlborders@caed.uscourts.gov.

12 For reference purposes, the Court requires that counsels' Joint Scheduling Report indicate
13 the date, time, and courtroom of the Scheduling Conference opposite the caption on the first page
14 of the Report.

15 Among other things, counsel will be expected to discuss the possibility of settlement.
16 Counsel are to thoroughly discuss settlement with each other before undertaking the preparation
17 of the Joint Scheduling Report and engaging in extensive discovery.  However, even if settlement
18 negotiations are progressing, counsel are expected to comply with the requirements of this Order
19 unless otherwise excused by the Court.  If the case is settled, please promptly inform the Court,
20 and counsels' presence, as well as the Joint Scheduling Report, will not be required.

21 Counsel may request that their attendance be by telephonic conference.  If two or more
22 parties wish to appear telephonically, counsel shall decide which will be responsible for making
23 prior arrangements for the conference call and shall initiate the call at the above-designated time.
24 After all parties are on the line, the call should then be placed to Judge Beck's chambers at
25 559-499-5670.  Additionally, counsel are directed to indicate on the face page of their Joint
26 Scheduling Report that the conference will be telephonic.

27 At least twenty (20) days prior to the Mandatory Scheduling Conference, the actual trial
28 counsel for all parties shall conduct and conclude a conference at a time and place arranged by

counsel for the plaintiff(s).  This conference should preferably be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel is permissible.  The Joint Scheduling Report Shall respond to the following items by corresponding numbered paragraphs:

      Form and Contents of the Joint Scheduling Report

      1. Summary of the factual and legal contentions set forth in the pleadings of each party, including the relief sought by any party presently before the Court.

      2. Any proposed amendment to the pleadings presently on file shall be filed by its proponent contemporaneously with the Scheduling Conference Report.  If the matter cannot be resolved at the Scheduling Conference, the matter will be set as a Motion to Amend in accordance with the Rules of Practice of the Eastern District of California.  A proposed deadline for amendments to pleadings.

      3. A summary detailing the uncontested and contested facts.

      4. A summary of the legal issues as to which there is no dispute, i.e., jurisdiction, venue, applicable federal or state law, etc., as well as a summary of the disputed legal issues.

      5. The status of all matters which are presently set before the Court, i.e., hearing all motions, etc.

      6. A complete and detailed discovery plan addressing the following:

          (a) A date for the exchange of initial disclosures required by Fed.R.Civ.P. 26(a)(1) or a statement that disclosures have already been exchanged;

          (b) A firm cut-off date for non-expert discovery;

          (c) A firm date(s) for disclosure of expert witnesses as required by Fed.R.Civ.P. 26(a)(2);

          (d) firm cut-off date for expert witness discovery;

          (e) Any proposed changes in the limits on discovery imposed by Fed.R.Civ.P. 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a)

          (f) Whether the parties anticipate the need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or

commercial information;

(g) Any issues or proposals relating to the timing; sequencing, phasing or scheduling of discovery;

(h) Whether the parties anticipate the need to take discovery outside the United States and if so a description of the proposed discovery;

(i) Whether any party anticipates video and/or sound recording of depositions;

(j) A proposed date for a Mid-Discovery Status Report and Conference;

7.  Discovery relating to Electronic, Digital and/or Magnetic data.

Prior to a Fed.R.Civ.P. 26(f) conference, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.  Likewise, counsel shall reasonably review the client's computer files to ascertain the contents thereof; including archival and legacy data (outdated formats or media), and disclose in initial discovery (self-executing routine discovery) the computer based evidence which may be used to support claims or defenses.

(A) Duty to Notify.  A party seeking discovery of computer-based information shall notify the opposing party immediately, but no later than the Fed.R.Civ.P. 26(f) conference of that fact and identify as clearly as possible the categories of information which may be sought.

(B) Duty to Meet and Confer.   The parties shall meet and confer regarding the following matters during the Fed.R.Civ.P. 26(f) conference:

(i) Computer-based information (in general).  Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoilation;

(ii) E-mail information. Counsel shall attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol.  This should include an agreement regarding inadvertent production of privileged e-mail messages.

(iii) Deleted information. Counsel shall confer and attempt to agree whether or not restoration of deleted information may be necessary, the extent to which restoration of deleted information is needed, and who will bear the costs of restoration; and

4

        (iv) Back-up data.  Counsel shall attempt to agree whether or not back-up data may be necessary, the extent to which backup data is needed and who will bear the cost of obtaining back-up data.

    The Joint Scheduling Report Shall summarize the parties conference relating to discovery of electronic data.

    8.  Dates agreed to by all counsel for:

    (a) Filing non-dispositive[1] and dispositive[2] pre-trial motions with the understanding that motions (except motions in limine or other trial motions) will not be entertained after the agreed upon date.   (No later than 10 weeks prior to the proposed Pre-Trial Conference date.)

    (b) Pre-Trial Conference date. (No later than 45 days prior to the proposed trial date.)

    (c) Trial date. All of these dates should be considered firm dates.  Dates should be set to allow the court to decide any matters under submission before the Pre-Trial Conference is set.

    9. At the conference referred to above, counsel are encouraged to discuss settlement, and the Court will expect a statement in the Joint Scheduling Report as to the possibility of settlement.  Counsel shall indicate when they feel a settlement conference is desired, i.e., before further discovery, after discovery, after pre-trial motions, etc.

    10. A statement as to whether the case is a jury or non-jury case.  If the parties disagree as to whether a jury trial has been timely demanded or whether one is available on some or all of the claims, the statement shall include a summary of each party's position.

    11. An estimate of the number of trial days required.  When counsel cannot agree, each party shall give his or her best estimate.  In estimating the number of trial days counsel should keep in mind that this court is normally able to devote the entire day to trial.

    12. Because the District Judges' dockets are extremely crowded dockets the parties should consider and address the issue of whether they are willing to consent to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. section 636(c).  All non-dispositive motions are routinely

---

[1] Motions to compel discovery, amend, remand, etc.

[2] Motions for summary adjudication or to dismiss, strike, etc.

1  heard by the Magistrate Judge whether or not the parties consent.

2         13. Whether either party requests bifurcation or phasing of trial or has any other
3  suggestion for shortening or expediting discovery, pre-trial motions or trial.

4         14. Whether this matter is related to any matter pending in this court or any other court,
5  including any bankruptcy court.

6         15. Joint Scheduling Reports are to be e-mailed, in WordPerfect or Word format, to
7  dlborders@caed.uscourts.gov.

8         SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT
9  THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE
10 DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND
11 JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY
12 BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE
13 IMPOSED AND/OR ORDERED.

15    IT IS SO ORDERED.

16    Dated:   **December 1, 2011**              **/s/ Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE