# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY TAYLOR; JOTASHA TAYLOR,<br><br>                Plaintiffs,<br><br>   v.<br><br>WALMART INC.,<br><br>                Defendant. | 1:10cv01138 LJO DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR DISMISSAL SANCTIONS FOR FAILURE TO COMPLY WITH COURT ORDER AND PLAINTIFFS' MOTION FOR JUDGMENT ON MERITS<br><br>(Docs. 66 and 71) |

     Defendant Wal-Mart Stores, Inc.[1] ("Defendant") filed a motion for dismissal sanctions against Plaintiffs Corey Taylor and Jotasha Taylor ("Plaintiffs") for failure to comply with a court order on December 9, 2011. Plaintiffs filed a motion for judgment on the merits on January 17, 2012. The motions were heard on March 2, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Colleen Howard appeared telephonically on behalf of Defendant. Plaintiffs did not appear.

## FACTUAL AND PROCEDURAL BACKGROUND

     Plaintiffs, proceeding pro se and in forma pauperis, filed the instant action on June 24, 2010. Plaintiffs allege a violation of 42 U.S.C. § 1981, unlawful intimidation by use of force, fraud and intentional infliction of emotional distress arising out of the purchase of tires at a Wal-

---

[1] Defendant was erroneously sued as Walmart, Inc.

1

Mart store located in Odessa, Texas, and subsequent service related to those tires at Wal-Mart stores located in Shreveport, Louisiana and in Fresno, California.

In August 2011, Plaintiff Corey Taylor failed to complete his deposition and Plaintiff Jotasha Taylor failed to appear for her deposition. Due to these failures, Defendant filed a motion to compel. The Court granted the motion and ordered Plaintiffs to appear for their depositions. The Court also ordered Plaintiffs to pay sanctions in the amount of $1,658.00. Doc. 62. Plaintiffs failed to pay the sanctions.

Based on Plaintiffs' failure to pay the sanctions, Defendant filed a motion for dismissal sanctions. Plaintiffs filed a nonsensical response and did not appear for the hearing scheduled for January 13, 2012. At the hearing, Defendant reported to the Court that Plaintiffs' depositions had been re-noticed for January 25, 2012. Accordingly, the Court continued the motion for dismissal sanctions and ordered Defendant to provide supplemental briefing regarding Plaintiffs' appearance at the depositions. Doc. 70.

On January 17, 2012, Plaintiffs filed a document entitled "Motion for Judgement [sic] on Merits." Doc. 71. Defendant filed an opposition to Plaintiffs' motion, but Plaintiffs did not file a reply. Doc. 74.

On January 26, 2012, Defendant filed the supplemental brief requested by the Court. Defendant reported that Plaintiffs failed to appear at their properly noticed depositions on January 25, 2012. Doc. 72-1 (Declaration of Colleen Howard ¶¶ 3-7).

On February 6, 2012, the Court issued a minute order scheduling both Defendant's motion for dismissal sanctions and Plaintiffs' motion for judgment on the merits for hearing on March 2, 2012.

**DISCUSSION**

**I.      Motion for Dismissal Sanctions**

     A.      Legal Standard

Defendant moves for involuntary dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) allows a court to dismiss an action if a plaintiff fails to prosecute or fails to comply with the rules or a court order. Fed. R. Civ. P. 41(b). Further, Local Rule 110 of

the Local Rules of the United States District Court, Eastern District of California, provides that "[f]ailure of counsel or of a party to comply . . . with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss a case as a punitive measure, a district court must weigh five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). In determining the propriety of sanctions, it is permissible to consider all incidents of a party's misconduct. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1411-1412 (9th Cir. 1990).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This case has been pending since June 24, 2010. Despite multiple opportunities, Plaintiffs have failed to comply with this Court's order to appear for their depositions and to pay monetary sanctions. Further, Plaintiffs have failed to provide substantive responses to any of the motions filed by

Defendant and have failed to appear (either personally or telephonically) at the last three hearings before this Court, including the most recent hearing on their own motion for judgment. Indeed, Plaintiffs have made no effort to contact this Court or to otherwise explain their lack of cooperation in this case.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the fifth factor, consideration of less drastic sanctions, also weighs in favor of dismissal. Less drastic sanctions have been imposed in the form of both court orders and monetary sanctions without success. Adriana, 913 F.2d at 1413 (court satisfied consideration of alternatives requirement when it first imposed monetary sanctions and subsequently dismissed the case when the monetary sanctions proved ineffective to prevent plaintiff's "wilful disruption of the discovery process."). Further, Defendant's motion for sanctions warned Plaintiffs of the possibility of dismissal for their failure to comply with the Court's orders, but Plaintiffs chose not to appear at the hearing or to provide a substantive response.

Accordingly, the Court recommends that this action be dismissed without prejudice for Plaintiff's failure to comply with the Court's orders.

## II.    Motion for Judgment on the Merits

On January 17, 2012, Plaintiffs filed a motion seeking judgment on the merits. Doc. 71. In the motion, Plaintiffs contend that they are entitled to judgment based on the facts presented. However, the motion is only four paragraphs in length and is unsupported by any declarations, exhibits or other evidence.

On February 10, 2012, Defendant filed an opposition to the motion for judgment. Doc. 74. Defendant contends, in part, that the motion should be denied based on Plaintiffs' failure to support their motion with any admissible evidence. *See* Local Rule 260.

Given the Court's finding that this action should be dismissed based on Plaintiffs' lack of compliance in this litigation and Plaintiffs' failure to support their motion with any evidence, the Court recommends that Plaintiffs' motion for judgment on the merits be DENIED.

**RECOMMENDATION**

For the reasons stated, the Court HEREBY RECOMMENDS as follows:

(1) Defendant's motion for dismissal sanctions be GRANTED and this action be DISMISSED for failure to follow Court orders; and

(2) Plaintiffs' motion for judgment on the merits be DENIED.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 5, 2012**                              **/s/ Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE